**CHAO HUANG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–4154–ag.**

United States Court of Appeals, Second Circuit.

May 14, 2007.

Jay Ho Lee, New York, NY, for Petitioner Chao Huang.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, TN, for Respondent Alberto Gonzalez.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Chao Huang, a native and citizen of China, seeks review of an August 10, 2006 order of the BIA affirming the April 26, 2005 decision of the Immigration Judge ("IJ") Adam Opaciuch denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Chao Huang,* No. A96 207 952 (B.I.A. Aug. 10, 2006), *aff'g* No. A96 207 952 (Immig. Ct. N.Y. City Apr. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—"or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court

reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ We find, first, that there is no support in the record for the reliance of the IJ and the BIA on the petitioner's Chinese passport as proof that he had left China prior to February 2004. The IJ and the BIA both cite as evidence of Huang's lack of credibility his response to a Chinese passport that was presented to him during a hearing before the IJ. However, the record before us contains only a passport from Singapore, and not one from China. Given the absence of any evidence of a Chinese passport in the record, we cannot endorse its use in support of an adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Tandia v. Gonzales,* 437 F.3d 245, 250 (2d Cir.2006) (finding a lack of substantial evidence where evidence in support of the IJ's finding was not available to us on review).

■ Second, while we accept the IJ's finding that Huang testified inconsistently regarding the date on which he began to consider leaving China, we do not accept the IJ's characterization of this inconsis-

tency as substantially undermining the petitioner's credibility. *See Diallo v. I.N.S.,* 232 F.3d 279, 288 (2d Cir.2000) (inconsistencies relating to dates and times can be overlooked when the errors are "relatively minor and isolated").

■ Without these errors, the decision of the IJ rests on two small inconsistencies between Huang's testimony and his asylum application—(1) as to the date that he first learned of the arrests of his fellow Falun Gong practitioners and (2) as to his last address in China, as well as the petitioner's failure to corroborate his claim with a statement from his uncle. Because we are not convinced that either of the two inconsistencies go to the "heart of the asylum claim," *Chen Yun Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002) (internal citation omitted), we cannot "confidently predict that the agency would reach the same decision absent the errors that were made," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). Accordingly, we remand the petition to the IJ for a new adverse credibility finding.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the immigration court.